AJI N. ABIEDU (SBN 282794)
aabiedu@hinshawlaw.com
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone: 310-909-8000
Facsimile: 310-909-8001

Attorneys for Defendants
TD BANK USA, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONG GUL PARK,<br><br>Plaintiff,<br><br>vs.<br><br>TD BANK USA, N.A.; EXPERIAN INFORMATION SOLUTIONS, INC.; DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants. | Case No. _____<br>Honorable_____<br>Courtroom: _____<br><br>**DEFENDANT TD BANK USA, N.A.'S NOTICE OF REMOVAL OF CIVIL ACTION PURUSANT TO 28 U.S.C. SECTIONS 1331 AND 1446(B)**<br><br>Complaint Filed: July 25, 2016 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

Defendant TD Bank USA, N.A. ("TD Bank"), by and through its attorney, Aji N. Abiedu, and for its Notice of Removal pursuant to the provisions of 28 U.S.C. §§ 1331 and 1446(b), and in support thereof, states as follows:

1. On July 25, 2016, Plaintiff filed a Complaint against TD Bank in Riverside County Superior Court, entitled *Jong Gul Park v. TD Bank USA, N.A., Experian Information Solutions, Inc. and Does 1 through 25, inclusive* (the "State Action"), as case number RIC1609431. A copy of the Complaint is attached hereto as **Exhibit A**. Counsel is unaware of any documents filed in the State Action other than **Exhibit A**.

2. No appearance has been entered on behalf of Experian Information Solutions, Inc. in the State Action, and counsel is unaware if Experian has been served with the Complaint.

3. This Notice was filed with the Clerk of the United States District Court within thirty (30) days after service of the Complaint upon TD Bank. 28 U.S.C. §1446(b).

4. The United States District Court for the Central District of California has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges that TD Bank violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, which arise under federal law.

5. The United States District Court for the Central District of California is the District Court for the district embracing the County of Riverside, where the State Action is currently pending. *See* 28 U.S.C. § 103. Venue is therefore proper in this district under 28 U.S.C. § 1441(a).

6. TD Bank makes no admission of liability by this Notice and expressly reserves its right to raise all defenses and objections to Plaintiff's claims after the action is removed to the above Court, including, without limitation, any objections to the merits and sufficiency of Plaintiff's pleadings.

WHEREFORE, Defendant TD Bank respectfully requests that this case proceed in this court as an action properly removed to it.

DATED: August 24, 2016            HINSHAW & CULBERTSON LLP

                                  By: *s/ Aji N. Abiedu*
                                      Aji N. Abiedu
                                      Attorneys for Defendants
                                      TD BANK USA, N.A.

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
310-909-8000

2
NOTICE OF REMOVAL

31671051v1 2711

# Exhibit A

```
Howard D. Silver SBN 90398
Law Offices of Howard D. Silver
638 Lindero Canyon Road, Suite 421
Oak Park, CA 91377
T: (818) 597-2610
F: (818) 879-0862
E: hsilver283@aol.com
```

Attorneys for Plaintiff

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JUL 25 2016
E. Rodriguez

DHS JUL 25 2016

SUPERIOR COURT OF CALIFORNIA

COUNTY OF RIVERSIDE

JONG GUL PARK,

    Plaintiff,

vs.

TD BANK USA, N.A.; EXPERIAN INFORMATION SOLUTIONS, INC.; DOES 1 THROUGH 25, INCLUSIVE,

    Defendants.

Case No.: RIC 1609431 By Fax

**COMPLAINT FOR DAMAGES**

**JURY TRIAL DEMANDED**

    Plaintiff, Jong Gul Park ("plaintiff") files this Complaint against TD Bank USA, N.A. ("TD"), Experian Information Solutions, Inc. ("Experian") and DOES 1 through 25 and alleges as follows:

COMPLAINT FOR DAMAGES    JURY TRIAL DEMANDED - 1

1. Plaintiff is a resident of the County of Riverside, State of California.

2. Defendant TD is a business entity, form unknown, dong business in the Sate of California, County of Riverside.

3. Defendant Experian is a business entity, form unknown, doing business in the State of California, County of Riverside, as a credit reporting agency.

4. Defendants Does 1 – 25, are individuals and entities, form unknown, doing business in the State of California as furnishers of information to credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection. Plaintiff is informed and believes and thereon alleges that Does 1 – 25 includes individuals and/or entities who, after being informed by plaintiff that accounts had been procured unlawfully including identity theft, refused to delete said accounts and transmitted incorrect information to credit reporting agencies.

5. Defendants DOES 1 through 25, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges, that some or all of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint as officers, directors or managing agents of defendants or as their agents, servants, employees and/or joint venturers and that each of them is legally liable to plaintiff as set forth as follows:

   a. Said officers, directors and/or managing agents of defendants acted willfully with respect to the matters alleged in this complaint;

   b. Said officers, directors and/or managing agents of defendants authorized, approved,

adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of defendants did so act;

 c. Said officers, directors and/or managing agents of defendants participated in the acts alleged in this complaint to have been committed by defendants; and

 d. Said officers, directors and/or managing agents of defendants failed to investigate the circumstances regarding the allegations in this complaint, failed and refused to repudiate the acts alleged in this complaint or redress the harm done to plaintiff and/or failed and refused to punish, including discharge, said agents, servants, employees and/or joint venturers even after becoming aware of their unlawful conduct. Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of the fictitiously named defendants, together with appropriate charging allegations, when ascertained.

6. Plaintiff is informed and believes and thereon alleges that at all times in this complaint, each defendant was the principal, joint venturer, agent, servant or employee of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course, scope and authority of such relationship and took some part in the acts and/or omissions hereinafter set forth, by reason of which each defendant is liable to plaintiff for the relief prayed for in this complaint. Plaintiff further alleges that each act alleged herein, whether by a named defendant or fictitiously named defendant, was expressly authorized and/or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other defendant.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIIR CREDIT REPORTING ACT
## AGAINST ALL DEFENDANTS EXCEPT EXPERIAN

7. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth herein.

COMPLAINT FOR DAMAGES   JURY TRIAL DEMANDED - 3

8. Plaintiff is a consumer as this term is defined by 15 U.S.C. § 1681a(c) of the Fair Credit Reporting Act ("FCRA"). Defendant TD is a creditor which, among other activities, reports information to credit bureaus and is a "furnisher" as defined by 15 U.S.C. § 1681s-2 of the FCRA.

9. In or about January 2016, after being turned down for a credit card, plaintiff discovered that there was inaccurate information on his Experian credit report including incorrect names and a past due account with TD that was not his.

10. On or about February 15, 2016, plaintiff sent a Target Credit Card Affidavit Of Unauthorized Use to defendant TD regarding the past due account that was not his. Plaintiff is informed and believes and thereon alleges that the TD account was opened as the result of identity theft.

11. On or about March 7, 2016, plaintiff sent a letter to TD informing them again that the account listed on his credit report with Experian was not his.

12. On or about March 7, 2016, plaintiff sent a letter to defendant Experian informing them that there were names attributed to plaintiff on his credit report that were not his, the current address listed on his credit report was incorrect and that the account with TD should be removed because it was not his.

13. On or about April 10, 2016, despite having already sent them a Target Credit Card Affidavit Of Unauthorized Use, defendant TD again asked plaintiff to send again.

14. On or about April 22, 2016, plaintiff again informs TD the above referenced account is not his and resends the Target Credit Card Affidavit Of Unauthorized Use.

15. Despite informing TD that the account is not his and sending the requested information, TD has refused and continues to refuse, to delete the account.

16. On or about May 3, 2016, defendant Experian informed plaintiff that his account with TD was still under investigation.

17. As of the filing of this complaint, plaintiff's account with defendant TD remains open and has not been deleted from his Experian credit report.

18. Plaintiff is informed and believes and thereon alleges that defendant Experian sent one or more dispute notices to defendant TD, activating TD's obligation to plaintiff under the FCRA.

19. Plaintiff is informed and believes and thereon alleges that defendants, and each of them, have willfully and/or negligently, violated the provisions of the FCRA in at least the following respects:

   a. By willfully and/or negligently failing to correct, after receiving notice, information regarding plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate and the result of identity theft;

   b. By willfully and/or negligently failing to correct and/or delete the incomplete and/or inaccurate information in plaintiff's file after conducting an investigation or reinvestigation of plaintiff's claim for identity theft;

   c. By willfully and/or negligently failing to conduct an adequate investigation of plaintiff's complaint and by willfully and/or negligently failing to implement corrective action once the outcome of the investigation was known or should have been known to defendants;

   d. By willfully and/or negligently failing to provide notice to plaintiff of the furnishing of negative credit information to credit reporting agencies;

   e. By willfully and/or negligently failing to provide information to the credit bureaus indicating the full nature of the dispute, including as the result of plaintiff being a victim of

identity theft, causing the reporting to defendant Experian to be inaccurate and/or incomplete; and

f. By willfully and/or negligently failing, in the preparation of the consumer report concerning plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report.

20. For the reasons set forth in this complaint, defendants' violations of law, include, but are not limited to, 15 U.S.C. § 1681s-2 and are liable for damages pursuant to 15 U.S.C. § 1681n and § 1681o.

21. As a proximate result of the actions of defendants, and each of them, as described in this complaint, plaintiff has been damaged in an amount which will be proven later at the time of trial, including actual damages, damage to credit reputation and creditworthiness, pain and suffering, punitive damages, costs and attorney's fees.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT AGAINST ALL DEFENDANTS EXCEPT EXPERIAN

22. Plaintiff re-alleges and incorporates into this cause of action, all preceding paragraphs of this complaint.

23. Pursuant to California Civil Code § 1785.25(a) prohibiting the issuance of incomplete or inaccurate information to credit reporting agencies and as described above in this complaint, plaintiff is entitled to actual damages, damage to credit reputation and creditworthiness, pain and suffering, punitive damages, costs and attorney's fees.

COMPLAINT FOR DAMAGES    JURY TRIAL DEMANDED - 6

# THIRD CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA ROSENTHAL ACT
## AGAINST ALL DEFENDANTS EXCEPT EXPERIAN

24. Plaintiff re-alleges and incorporates into this cause of action, all preceding paragraphs of this complaint.

25. Defendant TD is a "debt collector" as defined in Civil Code § 1788.2 (c).

26. The demand by defendant TD for full payment of the credit card account described above in this complaint constitutes "debt collection" as defined in Civil Code § 1788.2 (b).

27. The credit card account defendant Chase is attempting to collect is a "consumer debt" as defined in Civil Code § 1788.2 (f).

28. Plaintiff is a "debtor" as defined in either Civil Code § 1788.2 (h) or § 1788.18 (i).

29. Defendant TD's claim for full payment on the credit card account, a debt plaintiff does not owe, violates certain provisions of the California Fair Debt Collection Practices Act (Civil Code §§ 1788 Et. Seq.) for the following reasons:

   a. Defendants' failure to diligently investigate plaintiff's claim for identity theft and continuing with debt collection after receiving written notice from plaintiff, is a violation of Civil Code § 1788.18 (d);

   b. Defendants continued efforts to pursue their alleged claim against plaintiff, even though they were not entitled to do so for the reasons given in this complaint, was in violation of Civil Code § 1788.10 (f) which prohibits threatening to take any action against a debtor which is prohibited by the Fair Debt Collection Practices Act;

   c. Defendants continued efforts to pursue their alleged claims against plaintiff, even though they were not entitled to do so for the reasons given in this complaint is a violation of Civil Code

COMPLAINT FOR DAMAGES    JURY TRIAL DEMANDED - 7

§ 1788.17 which requires that every debt collector collecting or attempting to collect a consumer debt comply with the provisions of Sections 1692b to 1692j and specifically, 15 USC §§ 1692e (2), (5), (8) and (10) and 1692f (1); and

    d. Pursuant to Civil Code § 1788.17, which incorporates the remedies from § 1692k of Title 15 of the U.S. Code and Civil Code § 1788.30, plaintiff is entitled to actual damages according to proof, a penalty of not less than $100.00 and not more than $1,000.00 from each defendant for the violations alleged in this cause of action, legal costs and reasonable attorney's fees.

## FOURTH CAUSE OF ACTION
## VIOLATION OF 15 U.S.C. §§ 1692 ET. SEQ. UNLAWFUL DEBT COLLECTION AGAINST ALL DEFENDANTS
## AGAINST EXPERIAN

30. Plaintiff re-alleges and incorporates into this cause of action, all preceding paragraphs of this complaint.

31. Plaintiff is a "consumer" as defined in 15 USC § 1692a (3).

32. Defendant TD is a "debt collector" as defined in 15 USC § 1692a (6).

33. The claim presented by defendant TD to plaintiff was a "debt" as defined in 15 USC § 1692a (5).

34. Defendant TD's continued effort to pursue its alleged claims against plaintiff, even though it was not entitled to do so for the reasons set forth in this complaint, is a violation of 15 USC §§ 1692e (2), (5), (8) and (10) and 1692f (1).

35. Pursuant to § 1692k of Title 15 of the U.S. Code, plaintiff is entitled to actual damages according to proof, a penalty of not more than $1,000.00 from each defendant, legal costs and reasonable attorney's fees for the violations alleged in this cause of action.

## FIFTH CAUSE OF ACTION
## IDENTITY THEFT (CIVIL CODE § 1798.93)
## AGAINST ALL DEFENDANTS EXCEPT EXPERIAN

36. Plaintiff re-alleges and incorporates into this cause of action, all preceding paragraphs of this complaint.

37. Plaintiff is informed and believes and thereon alleges, that after receiving written notice, defendants failed to diligently investigate plaintiff's notification of identity theft and continued to pursue their alleged claims against plaintiff as described in this complaint.

38. Plaintiff brings this action pursuant to Civil Code § 1798.93 because plaintiff was the victim of identity theft making defendants' claims invalid and unenforceable.

39. An actual controversy exists between plaintiff and defendants with respect to the alleged claims for the unpaid credit card account that is not plaintiff's.

40. As a victim of identity theft, plaintiff seeks a declaratory judgment that he is not obligated to defendants with respect to their alleged claim for the unpaid balance on the TD credit card account.

41. Unless defendants are restrained by a preliminary and permanent injunction from collecting their alleged claims from plaintiff, plaintiff will suffer great and irreparable injury in that plaintiff's credit will continue to be damaged with derogatory and untrue information, he will be unable to secure credit for himself and he will continue to be contacted for payment for debts, he does not owe.

42. Plaintiff has no adequate remedy at law because pecuniary damages alone would not afford adequate relief as plaintiff's credit will continue to be damaged with derogatory and untrue information, he will be unable to secure credit for himself and he will continue to be contacted

COMPLAINT FOR DAMAGES    JURY TRIAL DEMANDED - 9

for payment for debts that were incurred as the result of identity theft.

43. Plaintiff seeks an injunction restraining defendants from collecting or attempting to collect from plaintiff on their alleged claims.

44. As a proximate result of defendants' attempts to collect the alleged claims, plaintiff has suffered injuries in that he has been subject to mental suffering and aggravation for being asked to pay claims he is not responsible for in an amount according to proof.

45. Plaintiff is entitled to recover reasonable attorney's fees and legal costs pursuant to Civil Code Section 1798.93.

46. Plaintiff is entitled to a civil penalty of $30,000.00 pursuant to Civil Code Section 1798.93.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE FAIIR CREDIT REPORTING ACT
## AGAINST ALL DEFENDANTS EXCEPT TD

47. Plaintiffs re-allege and incorporate into this cause of action, all preceding paragraphs of this complaint.

48. Defendant Experian is a consumer reporting agency as that term is defined by 15 U.S.C. § 1681a (f) of the FCRA.

49. For the reasons set forth in this complaint, defendants' violations of law, include, but are not limited to, 15 U.S.C. § 1681i(a).

50. As a proximate result of the actions of defendants, and each of them, as described in this complaint, plaintiffs have been damaged in an amount which will be proven later at the time of trial including actual damages, damage to credit reputation and creditworthiness, punitive damages, costs and attorney's fees.

**WHEREFORE**, plaintiff prays that judgment be entered against defendants for the following relief:

1. For an award of actual damages;

2. For an award of statutory damages;

3. For an award of punitive damages;

4. For an award of the costs of litigation and reasonable attorney's fees; and

5. For a final order directing that defendants immediately delete all of the inaccurate information from plaintiff's credit files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information.

## JURY TRIAL DEMAND

Plaintiff is entitled to and hereby demands a Trial by Jury.

Dated: July 22, 2016              LAW OFFICES OF HOWARD D. SILVER

By: /s/ Howard Silver
Howard D. Silver
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

### *JONG GUL PARK VS. TD BANK USA, N.A.*
Case No. _____

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 11601 Wilshire Blvd., Los Angeles, California 90025.

On **August 24, 2016**, I served the document(s) entitled, **NOTICE OF REMOVAL**, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

### SEE ATTACHED SERVICE LIST

☒ **(BY MAIL):** I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(VIA OVERNIGHT MAIL):** I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

☐ **(BY PERSONAL SERVICE):** I caused such envelope to be delivered to a commercial messenger service with instructions to personally deliver same to the offices of the addressee as shown on the attached mailing list on this date.

☐ **(BY ELECTRONIC MAIL):** By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☐ **(BY FACSIMILE):** By transmitting an accurate copy via facsimile to the person and telephone number as stated.

☐ **(BY CM/ECF SERVICE):** I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **August 24, 2016**, at Los Angeles, California.

_____
Claudia Rodriguez

1
CERTIFICATE OF SERVICE

31671051v1 2711

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SERVICE LIST

*JONG GUL PARK VS. TD BANK USA, N.A.*
**Case No.** _____

Howard D. Silver, Esq.　　　　　　*Attorney for Plaintiff JONG GUL PARK*
LAW OFFICES OF
HOWARD D. SILVER
638 Lindero Canyon Road, Suite 421
Oak Park, CA  91377

Telephone:　818-597-2610
Facsimile:　818-879-0862
Emial:　　　hsilver283@aol.com

2
CERTIFICATE OF SERVICE

31671051v1 2711