Andrew H. Dubin (State Bar No. 292645)
adubin@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071.2300
Telephone:  +1.213.489.3939
Facsimile:   +1.213.243.2539

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONG GUL PARK,<br><br>              Plaintiff,<br><br>       v.<br><br>TD BANK USA, N.A., EXPERIAN INFORMATION SOLUTIONS, INC., and DOES 1-25, inclusive,<br><br>              Defendants. | Case No. 5:16-cv-01827-RGK-KK<br><br>Assigned for all purposes to:<br>Magistrate Judge Kenly Kiya Kato<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>**[Referred to Magistrate Judge Kenly Kiya Kato]** |

IT IS HEREBY STIPULATED by and between Plaintiff Jong Gul Park ("Plaintiff"), TD Bank USA, N.A. ("TD Bank"), and Experian Information Solutions, Inc. ("Experian") (collectively, "the Parties") through their respective attorneys of record as follows:

1.    A. PURPOSES AND LIMITATIONS

As the parties have represented that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, this Court enters the following Protective Order.  This Order does not confer blanket protections on all disclosures

1  or responses to discovery.  The protection it affords from public disclosure and use

2  extends only to the limited information or items that are entitled to confidential

3  treatment under the applicable legal principles.  Further, as set forth in Section 12.3,

4  below, this Protective Order does not entitle the parties to file confidential

5  information under seal.  Rather, when the parties seek permission from the court to

6  file material under seal, the parties must comply with Civil Local Rule 79-5 and

7  with any pertinent orders of the assigned District Judge and Magistrate Judge.

8          B. <u>GOOD CAUSE STATEMENT</u>

9          In light of the nature of the claims and allegations in this case and the parties'

10  representations that discovery in this case will involve the production of confidential

11  records, and in order to expedite the flow of information, to facilitate the prompt

12  resolution of disputes over confidentiality of discovery materials, to adequately

13  protect information the parties are entitled to keep confidential, to ensure that the

14  parties are permitted reasonable necessary uses of such material in connection with

15  this action, to address their handling of such material at the end of the litigation, and

16  to serve the ends of justice, a protective order for such information is justified in this

17  matter.  The parties shall not designate any information/documents as confidential

18  without a good faith belief that such information/documents have been maintained

19  in a confidential, non-public manner, and that there is good cause or a compelling

20  reason why it should not be part of the public record of this case.

21          2.     <u>DEFINITIONS</u>

22          2.1    <u>Action</u>:   The instant action: <u>Jong Gul Park v. TD Bank USA, N.A., *et*</u>

23  <u>*al*</u>., Case No. 5:16-cv-01827-RGK-KK.

24          2.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the

25  designation of information or items under this Order.

26          2.3    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of

27  how it is generated, stored or maintained) or tangible things that qualify for

28  protection under Federal Rule of Civil Procedure 26(c), and as specified above in

the Good Cause Statement.

2.4 <u>"HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>:  extremely sensitive "CONFIDENTIAL" Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.5 <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6 <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

2.7 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9 <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12 <u>Party</u>:  any party to this Action, including all of its officers, directors,

1  employees, consultants, retained experts, and Outside Counsel of Record (and their

2  support staffs).

3      2.13  <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or

4  Discovery Material in this Action.

5      2.14  <u>Professional Vendors</u>:  persons or entities that provide litigation

6  support services (e.g., photocopying, videotaping, translating, preparing exhibits or

7  demonstrations, and organizing, storing, or retrieving data in any form or medium)

8  and their employees and subcontractors.

9      2.15  <u>Protected Material</u>:  any Disclosure or Discovery Material that is

10  designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --

11  ATTORNEYS' EYES ONLY."

12      2.16  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery

13  Material from a Producing Party.

14      3.  <u>SCOPE</u>

15      The protections conferred by this Order cover not only Protected Material (as

16  defined above), but also (1) any information copied or extracted from Protected

17  Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

18  and (3) any deposition testimony, conversations, or presentations by Parties or their

19  Counsel that might reveal Protected Material, other than during a court hearing or at

20  trial.

21      Any use of Protected Material during a court hearing or at trial shall be

22  governed by the orders of the presiding judge.  This Order does not govern the use

23  of Protected Material during a court hearing or at trial.

24      4.  <u>DURATION</u>

25      Even after final disposition of this litigation, the confidentiality obligations

26  imposed by this Order shall remain in effect until a Designating Party agrees

27  otherwise in writing or a court order otherwise directs. Final disposition shall be

28  deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic

5

documents, but excluding transcripts of depositions), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identifies on the record, before the close of the deposition as protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent

failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rules 37-1 and 37-2.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons

1  authorized under this Order.

2      7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

3  otherwise ordered by the court or permitted in writing by the Designating Party, a

4  Receiving Party may disclose any information or item designated

5  "CONFIDENTIAL" only to:

6          (a)  the Receiving Party's Outside Counsel of Record in this Action, as

7  well as employees of said Outside Counsel of Record to whom it is reasonably

8  necessary to disclose the information for this Action;

9          (b)  the officers, directors, and employees (including House Counsel) of

10  the Receiving Party to whom disclosure is reasonably necessary for this Action;

11          (c)  Experts (as defined in this Order) of the Receiving Party to whom

12  disclosure is reasonably necessary for this Action and who have signed the

13  "Acknowledgment and Agreement to Be Bound" (Exhibit A)[1];

14          (d)  the court and its personnel;

15          (e)  private court reporters and their staff to whom disclosure is reasonably

16  necessary for this Action and who have signed the "Acknowledgment and

17  Agreement to Be Bound" (Exhibit A);

18          (f)  professional jury or trial consultants, mock jurors, and Professional

19  Vendors to whom disclosure is reasonably necessary for this Action and who have

20  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21          (g)  the author or recipient of a document containing the information or a

22  custodian or other person who otherwise possessed or knew the information;

23          (h)  during their depositions, witnesses, and attorneys for witnesses, in the

24  Action to whom disclosure is reasonably necessary provided:  (1) the deposing party

25  requests that the witness sign the "Acknowledgment and Agreement to Be Bound"

26

27  _____

28  [1] Paragraph 7.2(c) shall also include Mr. Jon Paine in his capacity providing assistance to
Plaintiff's counsel in this litigation subject to Mr. Paine's execution of the "Acknowledgement and
Agreement to Be Bound" (Exhibit A).

1   (Exhibit A); and (2) they will not be permitted to keep any confidential information

2   unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

3   unless otherwise agreed by the Designating Party or ordered by the court.  Pages of

4   transcribed deposition testimony or exhibits to depositions that reveal Protected

5   Material may be separately bound by the court reporter and may not be disclosed to

6   anyone except as permitted under this Protective Order; and

7        (i)  any mediator or settlement officer, and their supporting personnel,

8   mutually agreed upon by any of the parties engaged in settlement discussions.

9       7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES</u>

10  <u>ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in

11  writing by the Designating Party, a Receiving Party may disclose any information or

12  item designated "CONFIDENTIAL" only to:

13      (a)  the Receiving Party's Outside Counsel of Record in this Action, as well

14  as employees of said Outside Counsel of Record to whom it is reasonably necessary

15  to disclose the information for this Action;

16      (b)  Experts (as defined in this Order) of the Receiving Party to whom

17  disclosure is reasonably necessary for this Action and who have signed the

18  "Acknowledgment and Agreement to Be Bound" (Exhibit A)[2];

19      (c)  the court and its personnel;

20      (d)  private court reporters and their staff to whom disclosure is reasonably

21  necessary for this Action and who have signed the "Acknowledgment and

22  Agreement to Be Bound" (Exhibit A);

23      (e)  professional jury or trial consultants, mock jurors, and Professional

24  Vendors to whom disclosure is reasonably necessary for this Action and who have

25  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26

27  [2] Paragraph 7.3(b) shall also include Mr. Jon Paine in his capacity providing assistance to

28  Plaintiff's counsel in this litigation subject to Mr. Paine's execution of the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

1    (f)  the author or recipient of a document containing the information or a

2    custodian or other person who otherwise possessed or knew the information; and

3    (g)  any mediator or settlement officer, and their supporting personnel,

4    mutually agreed upon by any of the parties engaged in settlement discussions.

5    8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED

6    PRODUCED IN OTHER LITIGATION

7    If a Party is served with a subpoena or a court order issued in other litigation

8    that compels disclosure of any information or items designated in this Action as

9    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES

10    ONLY," that Party must:

11    (a)  promptly notify in writing the Designating Party. Such notification

12    shall include a copy of the subpoena or court order unless prohibited by law;

13    (b)  promptly notify in writing the party who caused the subpoena or order

14    to issue in the other litigation that some or all of the material covered by the

15    subpoena or order is subject to this Protective Order.  Such notification shall include

16    a copy of this Protective Order; and

17    (c)  cooperate with respect to all reasonable procedures sought to be

18    pursued by the Designating Party whose Protected Material may be affected.

19    If the Designating Party timely seeks a protective order, the Party served with

20    the subpoena or court order shall not produce any information designated in this

21    action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS'

22    EYES ONLY" before a determination by the court from which the subpoena or

23    order issued, unless the Party has obtained the Designating Party's permission, or

24    unless otherwise required by the law or court order.  The Designating Party shall

25    bear the burden and expense of seeking protection in that court of its confidential

26    material and nothing in these provisions should be construed as authorizing or

27    encouraging a Receiving Party in this Action to disobey a lawful subpoena or court

28    order issued in another action.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If a Non-Party represented by counsel fails to commence the process called for by Local Rules 45-1 and 37-1, *et seq*. within 14 days of receiving the notice and accompanying information or fails contemporaneously to notify the Receiving Party that it has done so, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If an unrepresented Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery

1    request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

2    not produce any information in its possession or control that is subject to the

3    confidentiality agreement with the Non-Party before a determination by the court

4    unless otherwise required by the law or court order.  Absent a court order to the

5    contrary, the Non-Party shall bear the burden and expense of seeking protection in

6    this court of its Protected Material.

7              10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

8          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

9    Protected Material to any person or in any circumstance not authorized under this

10   Protective Order, the Receiving Party must immediately (a) notify in writing the

11   Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

12   all unauthorized copies of the Protected Material, (c) inform the person or persons to

13   whom unauthorized disclosures were made of all the terms of this Order, and

14   (d) request such person or persons to execute the "Acknowledgment and Agreement

15   to Be Bound" (Exhibit A).

16             11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR</u>

17                    <u>OTHERWISE PROTECTED MATERIAL</u>

18         When a Producing Party gives notice to Receiving Parties that certain

19   inadvertently produced material is subject to a claim of privilege or other protection,

20   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

21   Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

22   procedure may be established in an e-discovery order that provides for production

23   without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

24   (e), insofar as the parties reach an agreement on the effect of disclosure of a

25   communication or information covered by the attorney-client privilege or work

26   product protection, the parties may incorporate their agreement into this Protective

27   Order.

28             12.    <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Filing Protected Material</u>.   A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.   Protected Material may only be filed under seal pursuant to a separate court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

13

1  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

2  reports, attorney work product, and consultant and expert work product, even if such

3  materials contain Protected Material.  Any such archival copies that contain or

4  constitute Protected Material remain subject to this Protective Order as set forth in

5  Section 4.

6        14.    Nothing herein shall affect or restrict the rights of any party with

7  respect to its own documents or to the information obtained or developed

8  independently of documents, transcripts and materials afforded confidential

9  treatment pursuant to this Order.

10        15.    The Court retains the right to allow disclosure of any subject covered

11  by this stipulation or to modify this stipulation at any time in the interest of justice.

12

13

14  **IT IS SO ORDERED.**

15  DATED:  January 25, 2017

16

17  _____

18  Honorable Kenly Kiya Kato
    United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of _____. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____